871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda D. PHILLIPS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1411.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Phillips appeals the finding of the Secretary of Health and Human Services of non-disability on her claim for a period of disability and disability insurance benefits pursuant to Secs. 216(i) and 223 of the Act, 42 U.S.C. Sec. 416(i) and 423, because she retained the residual functional capacity to perform a significant number of sedentary jobs that existed in the national economy. We affirm.
 
 
 2
 Phillips is thirty-eight years old and has completed high school. She was previously employed as a bus driver from 1976 until October of 1984 for both the Detroit Board of Education and the Detroit Department of Transportation. She was also a taxi driver. Phillips alleges disability due to alcoholism, along with nervousness, depression, and peripheral neuropathy in both the upper and lower extremities. Phillips testified that she has been drinking since approximately the age of eighteen and consumes a pint of whiskey or wine every day.
 
 
 3
 The administrative law judge found that Phillips suffered from chronic alcoholism and peripheral neuropathy in the lower extremities. However, the administrative law judge held that Phillips did not have a "severe impairment" due to her chronic alcoholism. Although Phillips had an alcohol dependency, the administrative law judge stated that "the effect of such impairment on the claimant's ability to concentrate, perform tasks in a timely manner, maintain social functioning, and perform daily activities was slight." The administrative law judge did find that Phillips suffered from a severe exertional impairment due to her peripheral neuropathy in the lower extremities. Phillips had decreased sensation in the legs and feet which precluded standing or walking for extended periods of time. The administrative law judge also held that Phillips had the physical residual functional capacity for sedentary work and found her "not disabled". 20 C.F.R. 404.1520(f) and 416.920(f).
 
 
 4
 Phillips filed a timely action for judicial review of the Secretary's decision in United States District Court for the Eastern District of Michigan, Southern Division. On December 22, 1987, a magistrate found that the Secretary's decision was not supported by substantial evidence. The magistrate stated that since the record did not contain any evidence to support the conclusion that plaintiff's non-exertional limitations did not significantly compromise the employment opportunities otherwise available, the Secretary's reliance on the medical vocational guidelines (grid) as a framework for decision making was improper. The magistrate recommended that the case be remanded to the Secretary for vocational testimony on the availability of jobs in the national economy for claimant to perform given her known physical and mental impairments. After consideration of the Secretary's objections to the magistrate's report, the district judge rejected the magistrate's report and recommendation and granted the Secretary's motion for summary judgment.
 
 
 5
 This court determines only whether the decision of the Secretary is supported by substantial evidence and whether correct legal standards were applied in reaching the decision. 42 U.S.C. Sec. 405g; Garner v. Heckler, 745 F.2d 383 (6th Cir.1984).
 
 
 6
 The Secretary's decision was supported by substantial evidence and that the Secretary applied the correct legal standards in reaching that decision. We agree with the opinion of the district court stating that the Secretary's use of the medical vocational guidelines (grid) as a framework for decision was proper and not in error. See Cole v. Secretary of Health and Human Services, 820 F.2d 768, 772 (6th Cir.1987). The administrative law judge carefully considered Phillips' non-exertional limitations and substantial evidence in the record as a whole existed to support his conclusion that Phillips is capable of a wide range of sedentary jobs. The administrative law judge was not bound by the conclusions of an examining physician retained by Phillips who asserted that Phillips was completely disabled. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213-14 (6th Cir.1986). The report submitted by Dr. Marks as well as Phillips own testimony clearly supports the conclusion that she is capable of performing a wide range of unskilled sedentary jobs.
 
 
 7
 For the reasons stated above, we affirm.