**Ersa LANDSAW, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 85–5852.

United States Court of Appeals, Sixth Circuit.

Submitted July 26, 1986.

Decided Aug. 21, 1986.

Louis DeFalaise, U.S. Atty., John S. Osborn, III, Lexington, Ky., for defendant-appellee.

Sue Ellen Prater, Appalachian Research and Defense Fund of Kentucky, Jackson, Ky., for plaintiff-appellant.

Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, District Judge *.

MILBURN, Circuit Judge.

Plaintiff Ersa Landsaw appeals the district court's summary judgment affirming the final decision of the Secretary denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83. Plaintiff filed an application on July 6, 1983, alleging disability as of July, 1974, due to "heart trouble." The application was denied at all administrative levels. At plaintiff's request, a *de novo* hearing was held before an administrative law judge ("ALJ"). The ALJ's decision, which became the final decision of the Secretary after the Appeals Council's refusal to grant review, is that plaintiff failed to establish

---

* The Honorable Robert E. DeMascio, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

the existence of a severe impairment, thus terminating the sequential evaluation at step two. For the reasons that follow, we affirm.

## I.

■ In reviewing the final decision of the Secretary, our inquiry is limited to a determination of whether substantial evidence exists in the record to support the Secretary's decision and to a review for any legal errors. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). The determination of whether there is substantial evidence to support the Secretary's findings must be based on the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Substantial evidence means more than a scintilla; it is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ An impairment is non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 90 (6th Cir.1985); *see also Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 692 (6th Cir.1985). Plaintiff first argues that this standard has not been met because Dr. Robert Cornett, his treating physician, stated that plaintiff "is not able to be gainfully employed. Even mild exertion brings on the angina pectoris." App. at 119. Dr. Cornett stated in his one-page letter that plaintiff suffers from heart enlargement, coronary artery disease, generalized arthritis, conversion reaction psychosis and obesity. However, the record contains no underlying clinical findings. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir.1984):

[T]he opinion of the treating physician should be given greater weight than that of the government's physician.... This is true, however, only if the treating physician's opinion is based on sufficient medical data.... Ultimately, the determination of disability is the prerogative of the Secretary, not the treating physician, and the brief conclusory letter from [the] treating physician, was not dispositive of the issue.

*Id.* at 367 (citations omitted); *see also* 20 C.F.R. § 404.1527:

*Conclusion by physicians concerning your disability.*

We are responsible for determining whether you are disabled. Therefore, a statement by your physician that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled. *We have to review the medical findings and other evidence that support a physician's statement that you are "disabled."* (emphasis supplied).

■ Plaintiff also relies on a one-page letter from Dr. Emanuel Turner, who states he saw plaintiff sixty-six times between February 1977 and February 1984. Dr. Turner asserted that plaintiff suffers from hiatal hernia, hypertension, unstable angina pectoris and osteoarthritis. Dr. Turner continues:

I feel that Ms. Landsaw's most disabling condition is the unstable angina pectoris. I understand that Dr. Cornett referred her to a cardiologist in Lexington at one time who recommended cardiac catherization. I am not sure if that was ever done.

In my judgment Ms. Landsaw is totally and permanently disabled from seeking and holding gainful employment at this time and also in the future.

App. at 97. However, Dr. Turner's opinion suffers from the same infirmity as Dr. Cornett's in that the record contains no underlying clinical data.

On the other hand, the Secretary relies on a one-page letter from Dr. James Cooper, of the Mountain Comprehensive

Health Corporation ("MCHC"), dated July 8, 1983, wherein he states, "There is no evidence of disability of any kind today." App. at 87. Dr. Cooper's opinion, unlike those of Drs. Cornett and Turner, is supported by the following clinical data from plaintiff's stay at MCHC.

On May 4, 1983, a chest X-ray showed fluid levels in both lung bases. Although an EKG was within normal limits, plaintiff was diagnosed as suffering from congestive heart failure. App. at 89. From May 6, 1983, through June 15, 1983, plaintiff showed steady improvement. App. at 89–92. On July 8, 1983, the following progress note was entered:

> She has multiple vague complaints.... No chest pain. No nocturnal dyspnea.... Exercise tolerance is impossible to evaluate.... Lungs are clear, without rales or wheezes. Heart normal rhythm.... This patient does not appear to have high blood pressure or to be in [congestive heart failure].... I reviewed her chest X-rays and they do not indicate [congestive heart failure]. Her EKG today is normal.

App. at 93.

As the government argues, Dr. Cooper's letter along with its supporting clinical data represents substantial evidence that plaintiff's heart trouble improved during 1983 and does not rise to a severe impairment.

The only other medical evidence of note reflects that plaintiff was seen in the Appalachian Regional Hospital Emergency Room on September 6, 1985, complaining of chest pain, cold sweats, smothering and weakness. A "low voltage" EKG was "otherwise normal," and plaintiff was diagnosed as suffering from "angina-stable." Plaintiff was not admitted, however, and her condition was noted as "satisfactory." App. at 95. This evidence does not significantly detract from the Secretary's finding that plaintiff's impairment is not severe.

Plaintiff's next argument is that the ALJ applied the wrong standard by using the "Listings of Impairments" to determine that she does not suffer from a severe impairment. The government counters that the ALJ used the listings merely as a guide. The government's interpretation of the ALJ's opinion is not unreasonable. In any event, as set forth *supra*, substantial evidence supports the ALJ's decision under the correct legal standard.

■ Plaintiff's third argument is that the Secretary erred in failing to accord plaintiff a full and fair hearing by declining to order a cardiovascular consultative examination. The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant. 20 C.F.R. §§ 416.-912, 416.913(d). Moreover, as the government argues, the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination. 20 C.F.R. § 416.917(a).

■ As to the ALJ's duty to conduct a "full inquiry," 20 C.F.R. § 416.1444, we adopt the following statement by the Fifth Circuit which applies equally to the present case and disposes of plaintiff's argument:

> "[F]ull inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision. In appellant's case, the evidence in the record upon which the administrative law judge based his denial of benefits fully developed the facts necessary to make that determination. The [evidence] supports the conclusion that appellant is not disabled....

*Turner v. Califano,* 563 F.2d 669, 671 (5th Cir.1977) (emphasis in original).

Plaintiff's remaining arguments are without merit.

## II.

Having fully reviewed the record and finding no reversible errors of law and finding substantial objective medical evi-

dence to support the Secretary's findings, we AFFIRM the decision of the district court.