885 F.2d 872
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas YATES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-6349.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and THOMAS A. HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Douglas Yates, appeals the district court's judgment affirming the Secretary's denial of his application for supplemental security income (SSI). Because we conclude that the Secretary's decision is supported by substantial evidence, we affirm the district court's judgment.
 
 I.
 
 2
 Douglas Yates was born on March 23, 1942. He completed the eighth grade and has taken the G.E.D. high school equivalency examination. His past relevant work was as a residential construction and remodeling carpenter. On October 18, 1986, Yates fell from a fifteen to thirty foot ladder while working, fractured his right forearm and dislocated his wrist.
 
 
 3
 Yates applied for SSI on December 6, 1986, alleging a wrist injury which severely limited the use of his right hand, low back pain, spleen injuries and prostatis. His application was denied both initially and upon reconsideration. Yates then requested a hearing before an Administrative Law Judge (ALJ). The hearing before ALJ Charlie Paul Andrus was held on May 4, 1987.
 
 
 4
 At the hearing before ALJ Andrus, Yates was represented by an attorney, and testified regarding his condition. Yates stated that his right wrist is deformed and the ulnar nerve so damaged he cannot close his hand to make a fist. Furthermore, Yates explained that because he is right handed, he can no longer hold a tool or lift and carry any heavy equipment. He testified that he can dress and groom himself and can also drive a car with one hand. However, Yates stated that he actually does little besides walk around the yard and watch television.
 
 
 5
 The ALJ also heard testimony from several physicians. Dr. Konduru K. Raju, the orthopedic surgeon who was Yate's treating physician, and Dr. Brooks Morgan, an orthopedic surgeon who examined Yates on referral, both stated that the injuries to Yates' arm were still in the initial healing stages, and that it was too early to tell whether, or to what extent, there would be permanent impairment. Dr. Morgan further stated that the extent of rehabilitation would depend largely on physical therapy. There is no evidence in the record that Yates ever attempted physical therapy. Dr. N. Narra and Dr. Ronald F. Mann, treating physicians for Yates' back and spleen injuries, stated that both conditions were improving and responding to treatment. However, Dr. Mann opined that the prostatis was still problematic. Finally, Dr. Charles R. Taylor, who reviewed Yates' medical records at the request of the Secretary, stated that Yates' injuries, given time to complete the natural healing process, should resolve to a less than serious impairment.
 
 
 6
 The ALJ followed the five step sequential evaluation prescribed in 20 C.F.R. 404.1529(a)-(f) and found Yates not to have been employed in gainful activity since October 18, 1986. He found Yates to have impairments consisting of a comminuated fracture of the right radius and ulna, wrist injury, prostatis, and some history of muscle spasm in the lumbosacral spine. The ALJ found, however, that Yates did not have an impairment or combination of impairments which met or equalled in severity any section in the Listing of Impairments for a twelve month durational period.
 
 
 7
 On September 2, 1987, ALJ Andrus denied Yates' application. In an order dated November 17, 1987, the Appeals Council declined to review the ALJ's decision, thereby allowing it to become the final decision of the Secretary.
 
 
 8
 Thereafter, Yates filed suit in federal district court, proceeding pro se. Both parties filed cross-motions for summary judgment. Yates also filed a motion to admit new evidence. On November 9, 1988, the district court rendered a decision denying Yates' motion to admit new evidence and affirming the Secretary's denial of benefits. On December 27, 1988, Yates filed this timely notice of appeal.
 
 II.
 
 9
 The Secretary's decision must be upheld if it is supported by substantial evidence and if the correct legal standards were applied. 42 U.S.C. 405(g); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir, 1986). Substantial evidence has been defined as more than a scintilla but less than a preponderance, and such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). In deciding whether the Secretary's conclusions are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978). Finally, the court may not substitute its own judgment for that of the Secretary. Nunn v. Bowen, 828 F.2d 1140 (6th Cir. (1987).
 
 
 10
 On appeal, Yates claims that the Secretary's decision is not supported by substantial evidence, and that the district court erred in refusing either to admit new evidence or to remand to the Secretary for reconsideration. On reviewing the medical evidence presented in this case, we conclude that the ALJ's findings are adequately supported by the testimony of Drs. Raju, Morgan and Taylor. Consequently we hold that the Secretary's decision is supported by substantial evidence.
 
 
 11
 Yates also claims that the district court erred in denying his motion to admit new evidence supplied by Dr. Frederick Cox. The court properly determined that Yates had not established good cause for failing to present Dr. Cox's testimony in the prior proceeding. In addition, since there was no possibility that the new evidence would have changed the outcome, the district court was not required to remand the case to the Secretary for reconsideration. See, 42 U.S.C. Sec. 405(g) (1982); Oliver v. Secretary of HHS, 804, F2d 964, 966 (6th Cir.1986). Thus, we hold that the district court properly denied Yates's motion.
 
 
 12
 For the reasons stated above, we find the Secretary's decision to deny Yates's application for supplemental security benefits is supported by substantial evidence. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation