Deborah BROWN, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. C88–1103.

United States District Court,
N.D. Ohio, E.D.

June 29, 1990.

Marcia W. Margolius, Brown & Margolius, Cleveland, Ohio, for plaintiff.

Kathleen Ann Sutula, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, District Judge.

Plaintiff D. Brown ("Plaintiff") seeks judicial review of the Secretary of Health and Human Services ("Secretary"'s) denial of her application for supplemental security income benefits pursuant to the Social Security Act 42 U.S.C. §§ 1381a, 1382 ("Act"). In considering Plaintiff's motion for remand and the Secretary's motion for summary judgment, Magistrate Streepy has urged in his Report and Recommended Decision ("Report") that the Secretary's motion be granted and Plaintiff's motion be denied. Plaintiff has objected to the Report.

Plaintiff Brown, a 33 year old female, applied for supplemental security income benefits ("SSI") on April 23, 1985 claiming that she was unable to work because of pain in her back, tailbone and legs, and migraine headaches. At her hearing on May 22, 1986 she raised the issue of mental impairment. Pursuant to 20 C.F.R. § 404.1520(d) ("Regulations") of the revised regulations for evaluation of mental impairments, Plaintiff's claim was remanded to a medical advisor: Dr. Marianne N. Collins, pshycologist. Dr. Collins upon review of the record concluded that Plaintiff's limitations were not severe and that she functioned "quite well".[1] (T.363)

A second hearing was held on September 17, 1987 where Plaintiff made no objection to the documents used as evidence (T. 57) and presented no new evidence (T. 58). Basing his decision on the entire record, which included extensive hospital and medical reports as well as the psychiatric com-

---

1. Specifically, Dr. Collins concluded that Plaintiff's limitation was "Slight" in terms of daily living; "Slight" in terms of maintaining social function; "Seldom" in terms of deficiencies of concentration; and "Never" in terms of episodes of deterioration or decompensation in work or work-like settings. (T. 371)

mentaries by Plaintiff's physicians Drs. Friedman and Rintoul, the Secretary found that Plaintiff suffered from scoliosis, migraine headaches, personality disorder, and somatoform disorder. He further concluded that these impairments limited Plaintiff to performing essentially sedentary work on an exertional level. In addition the Secretary concluded that Plaintiff could not perform a full range of sedentary work in that a job which she could hold would have to be low-stress and one in which Plaintiff would have the ability to change her position frequently. Given these parameters, Plaintiff was unable to perform her past relevant work as nurse's aid. However, on consulting a vocational expert, the Secretary concluded that Plaintiff could perform certain types of work, e.g. gate guard and monitor of surveillance systems. Therefore, the Secretary found that Plaintiff was not under a "disability" within the meaning of § 416.920(f) of the Regulations.[2]

Plaintiff seeks to remand this case, and objects to the Report, on the ground that a full inquiry could not be made into Plaintiff's mental impairment without a new psychological examination. Therefore, she argues that the Secretary erred in failing to obtain and pay for a consultative psychological evaluation as authorized by § 416.917(a) of the Regulations.

Sections 416.912 and 416.913(d) of the Regulations clearly specify that the claimant bears the burden of providing a complete record. The Secretary is not under "an affirmative duty ... to conduct psychological examinations on all claimants for whom the source of pain is not objectively proven to be organic." *Kimbrough v. Secretary of Health and Human Services*, 801 F.2d 794, 797 (6th Cir.1986). Although under certain conditions [3] the Secretary *may* order and pay for a consultative examination, he is not required to do so if the record contains sufficient evidence upon which to base a disability determination. *Landsaw v. Secretary of Health and*

*Human Services*, 803 F.2d 211 (6th Cir. 1986). Furthermore, while the Court may order the taking of additional evidence at anytime, it may do so "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding". 42 U.S.C.A. § 405(g). *See Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 139 (1st Cir.1987).

In the case *sub judice*, the record shows that a disability determination could be made. When Plaintiff raised the issue of mental impairment at the first hearing, the Administrative Law Judge properly remanded the case to a medical advisor as required. Psychologist Collins, in the requisite Psychiatric Review Technique evaluation form, indicated that evidence was sufficient for her to draw conclusions. (T. 371) Therefore, because a determination of disability could be made based on the record, no necessity existed which would require the Secretary to order a consultative psychological evaluation at the government's expense. Moreover, Plaintiff, bearing the burden of proof, had the opportunity of presenting further evidence of psychological impairment at the second hearing, but did not do so. (T. 58) In addition she has shown no cause for her failure to obtain and incorporate evidence at the prior proceeding which might allow this Court to remand this case. 42 U.S.C.A. § 405(g).

Accordingly, this Court accepts the Magistrate's recommendation (28 U.S.C. § 636(b)(1)(C)) and GRANTS the Secretary's motion for summary judgment. Plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.

---

**2.** Impairments must prevent claimant from doing other work.

**3.** When "medical sources cannot give ... sufficient medical evidence about ... [the] impairment" to determine disability. 20 C.F.R. § 416.917(a).