951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert ABSHIRE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-6588.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges and RUBIN, District Judge.*
 PER CURIAM:
 
 
 1
 The plaintiff, Albert Abshire, appeals the District Court order affirming the Secretary of Health and Human Services' denial of his application for social security disability insurance benefits. The plaintiff argues that the decision of the Secretary was unsupported by substantial evidence and that the Secretary failed to conduct a "full inquiry" within the meaning of 20 C.F.R. § 416.144. For the reasons stated below, we AFFIRM the decision of the District Court.
 
 I.
 
 2
 Abshire is a 46 year old individual who filed an application for disability insurance benefits on January 5, 1989. Abshire last met the insured status requirements for purposes of disability benefit entitlement on December 31, 1989 and was required to establish he was disabled prior to this date. He sought benefits from September 20, 1984 because of a back injury, lung disease, and anxiety. Abshire has an eighth grade education and last worked on September 20, 1984 at which time he was laid off from his job as a coal miner.
 
 
 3
 Medical evidence introduced to the Administrative Law Judge (ALJ) showed that Abshire suffered from chronic low back syndrome, a bulging disc at the L4-5 level with radiculopathy, chronic obstructive pulmonary disease, pneumoconiosis, a history of a bleeding ulcer, and post traumatic dysthymic disorder with anxiety. One doctor estimated that Abshire had "a ten percent psychiatric impairment." A state review psychologist, however, did not find any mental impairment and the plaintiff has no history of treatment for mental impairment.
 
 
 4
 The ALJ relied on medical vocational guidelines (grids) as well as a vocational expert when determining that there existed "alternative jobs in significant numbers in the regional and national economy in which [Abshire could] engage despite his limitations." Joint App. at 28. Thus, Abshire was not under a disability as defined in the Social Security Act, 20 C.F.R. § 404.1520(f). The Appeals Council affirmed the ALJ's decision and Abshire sought judicial review. The District Court granted the Secretary's motion for summary judgment finding that substantial evidence existed to support the Secretary's decision.
 
 II.
 
 5
 Judicial review of the Secretary of Health and Human Service's decisions is limited to a determination that the findings are supported by substantial evidence and that proper legal standards were employed. 42 U.S.C. § 3405(g); Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curium). In response to plaintiff's first objection, that the Secretary's decision was not supported by the evidence, we find the contention to be without merit.
 
 
 6
 A sequential evaluation to determine if disability insurance benefits should be awarded is outlined in 20 C.F.R. § 404.1520 and discussed by this Court in Garner v. Hickler, 745 F.2d 383 (6th Cir.1984).[2] The first six criteria have been satisfied and are not at issue--Abshire is not working, he is severely impaired although not to the level outlined in Appendix 1 of Part 404, his impairments are expected to last for a period longer than 12 months, and he cannot return to his past relevant work. Abshire argues that the seventh criteria, that the impairment prevents the claimant from doing other work, is similarly satisfied. Both the ALJ and the District Court held that the evidence supported a finding that Abshire was capable of a variety of light and sedentary jobs. In order to qualify for disability insurance benefits, Abshire must show that the findings with regard to the seventh criteria were false or unfounded.
 
 
 7
 The Secretary may use medical vocational guidelines, see 20 C.F.R. 404, Subpart P, Appendix 2, to determine whether there is work in the national economy which a claimant can perform. These guidelines consider such factors as age, education, work experience, and residual functional capabilities. If a claimant also has limitations associated with mental illness, a consultation with a vocational specialist may be required. Abbott v. Sullivan, 905 F.2d 918 (6th Cir.1990); Damron v. Secretary of Health and Human Servs., 778 F.2d 279 (6th Cir.1985). The ALJ in this case considered both the medical vocational grids and the testimony of a vocational expert as a framework for deciding that Abshire was not disabled.
 
 
 8
 The ALJ considered Abshire's exertional and nonexertional limitations and posed hypothetical questions to the vocational expert which conveyed Abshire's functional capacities. The testimony of the vocational expert could be considered inadequate only if the Secretary failed to include all the relevant factors of Abshire's health in the hypothetical case histories presented to the expert. There is no evidence to suggest that such omissions occurred. The hypotheticals referred to possible environmental restrictions due to pulmonary problems, avoidance of prolonged standing or walking, and limitations on level of exertion. At the questioning, the vocational expert, Julie Morrissey, testified that there were a number of jobs which existed in the regional and national economy which Abshire could perform, including small machine tender, dispatcher, and timekeeper.
 
 
 9
 Morrissey testified that if all of the pain alleged by the claimant were given credibility and substantiated by medical evidence, she did not believe that Abshire could perform any of the jobs discussed. Joint App. at 71. In his decision, the ALJ rejected Abshire's listing of stomach ulcers and reduced breathing capacity. He also stated that "[t]he undersigned finds that based on the claimant deamor [sic] as a witness he tended to somewhat exaggerate the cope [sic] of his functional limitations." Joint App. at 24. This Court in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), held that the severity of pain may be confirmed by objective evidence of the pain or of a medical condition which can be expected to produce disabling pain. The testimony of the two treating physicians supports a conclusion that Abshire has preserved some capacity to work. We find that the ALJ's factual findings are supported by the evidence and that the grids and the testimony of the vocational expert combine to constitute substantial evidence to support a finding that Abshire was not disabled.
 
 III.
 
 10
 Abshire also asserts that the ALJ should have ordered additional consultative examinations to determine the level of mental impairment. By failing to order such an exam, the Secretary erred by not conducting a "full inquiry" of the case as required by 20 C.F.R. § 416.144. We find that the argument is without merit. A full inquiry does not require a consultative examination unless the record establishes that such an examination is necessary for an opinion to issue. Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 214 (6th Cir.1986). The burden of producing a complete record rests with the claimant. Id. at 214. Ordering a post hearing psychological examination was not necessary in this case. Abshire had no history of mental impairment, an examining doctor found Abshire well oriented with only a 10 percent psychiatric impairment, and a review psychologist found no evidence of mental impairment based on the record. We find that it was not necessary to request a post-hearing consultative exam to make a determination of disability.
 
 IV.
 
 11
 For the reasons discussed above, we AFFIRM the District Court's denial of the application for disability insurance benefits.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [2]
 In Garner, this Court set out the criteria for disability qualification. This criteria requires the Court to consider the following questions:
 
 
 [1]
 Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2
 
 
 [2]
 Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled
 
 
 [3]
 Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled
 
 
 [4]
 Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled
 
 
 [5]
 Does the claimant have any impairment or combination of impairments meeting or equalling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6
 
 
 [6]
 Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to Step 7
 
 
 [7]
 Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. If no, the claimant is disabled
 Garner, 745 F.2d at 387 (citations omitted).