956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila BOCELATO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5770.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Sheila Bocelato, a social security claimant represented by counsel, appeals the district court's order affirming the Secretary's determination that she was overpaid $17,390.37 in social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Based on applications filed for supplemental security income and disability insurance benefits, the Secretary determined that Bocelato was disabled and benefits were to be awarded effective November 6, 1974. Bocelato engaged in work activity in 1978 and 1979 which the Secretary determined entitled her to a nine month trial work period. The Secretary found that after Bocelato had completed a trial work period, she demonstrated her ability to engage in substantial gainful activity beginning in June 1980 when her average earnings were greater than $300 per month. The Secretary determined that her disability ceased in June 1980 and that she was last entitled to benefits for the month of August 1980. Nevertheless, Bocelato continued to receive disability benefits from September 1980 through February 1984. As a result, the Secretary later determined that she was overpaid benefits in the amount of $17,390.37.
 
 
 4
 Bocelato filed a second application for disability insurance benefits in September 1984 and the Secretary determined that she was disabled effective June 1984.
 
 
 5
 Bocelato argues that her benefits should have ceased in June 1980 and that she should not have received disability benefits from June 1980 through February 1981 for a total overpayment of $4,084.40. However, she maintains that her benefits should have been reinstated effective March 1981 (when she stopped all work activity) without filing a new application.
 
 
 6
 An Administrative Law Judge (ALJ) determined that Bocelato was overpaid benefits in the amount of $17,390.37 for the months September 1980 through February 1984. He further determined that the extended period of eligibility, also known as the reentitlement period, did not apply to Bocelato's case because her disability ceased in June 1980 when she began engaging in substantial gainful activity after she had already completed a nine month trial work period. See 20 C.F.R. § 404.1592a. The Appeals Council denied her request for review.
 
 
 7
 Bocelato then sought judicial review of the Secretary's decision. A magistrate judge found that Bocelato's benefits should have been automatically reinstated effective March 1981 and that she was only overpaid a total of $4,084.40 in benefits from June 1980 through February 1981 although he determined that she was at fault in creating the overpayment and the overpayment could not be waived. Upon review, the district court found that Bocelato was at fault in creating the overpayment and that she was overpaid benefits in the amount of $17,390.37 for the period September 1980 through February 1984.
 
 
 8
 Bocelato has filed a timely appeal; yet, she abandons the waiver of overpayment issue. Both parties have filed briefs.
 
 
 9
 The standard of review applicable to Bocelato's case is whether the Secretary's decision is supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). Substantial evidence exists to support the Secretary's decision.
 
 
 10
 Upon review, we conclude the Secretary properly interpreted 20 C.F.R. § 404.1592a. The law did not provide for a reentitlement period prior to December 1, 1980. Bocelato's disability ceased in June 1980 after she had already completed a nine month trial work period. Because her trial work period ended prior to December 1, 1980, she is not entitled to a reentitlement period pursuant to 20 C.F.R. § 404.1592a. Bocelato did not become entitled to benefits again until June 1984, the month her disability was established based on her second application for disability insurance benefits which she had filed in September 1984. She was overpaid $17,390.37 in benefits because she continued to receive benefits to which she was not entitled from September 1980 through February 1984.
 
 
 11
 Because Bocelato's waiver of the overpayment issue has been abandoned on appeal, it is not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 12
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation