972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dianne M. ANUSBIGIAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1034.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Dianne M. Anusbigian, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has waived oral argument. Although requested to do so by May 1, 1992, the appellant has not objected to the submission of the case on its briefs. Thus, oral argument is waived.
 
 
 2
 Anusbigian was entitled to a prior period of disability from December 31, 1978 until May 1982, at which time it was determined that her disability ceased. Instead of contesting the disability cessation determination by the Secretary, Anusbigian filed a new application for benefits on September 28, 1987. She alleged a disability since June 2, 1982, due to a lower back condition, carpal tunnel syndrome and chronic pain. She last met the disability insured status requirements under the Social Security Act on December 31, 1984. Therefore, the relevant period of disability at issue is June 2, 1982, through December 31, 1984.
 
 
 3
 After her application was denied by an ALJ, the Appeals Council remanded the case to an ALJ on the issue of Anusbigian's pain. An ALJ again determined that Anusbigian was not disabled because she could perform a significant number of jobs in the national economy. The Appeals Council denied her request for review.
 
 
 4
 Anusbigian then sought judicial review arguing that: (1) the ALJ did not properly consider her complaints of pain, and (2) the ALJ did not properly credit her treating physician's opinion. After de novo review in light of Anusbigian's objections, the district court adopted the report and recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Anusbigian continues to argue the merits of her case.
 
 
 6
 Upon review, we conclude that the Secretary's decision is supported by substantial evidence. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly evaluated Anusbigian's complaints of pain because subjective complaints in the absence of medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 7
 The ALJ properly considered Anusbigian's treating doctor's opinion. A physician's opinion regarding disability is not dispositive. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). An ALJ can disregard a treating doctor's opinion if it is not supported by any detailed, clinical, diagnostic evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).
 
 
 8
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.