23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joyce L. O'BRYAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6241.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1994.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Joyce L. O'Bryan, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 O'Bryan filed a prior application for disability insurance benefits in July 1985 and another application in October 1986, both of which were denied with the final decision of the Secretary being March 10, 1987. O'Bryan filed her current applications for disability insurance benefits and supplemental security income benefits on April 17, 1989, alleging a disability since May 15, 1985, due to high blood pressure, a heart problem, a pulmonary impairment, a hiatal hernia and arthritis of the back and knees.
 
 
 4
 An administrative law judge (ALJ) determined that O'Bryan had the residual functional capacity (RFC) to perform sedentary and light work in a clean, nonpolluted environment and where the work would not require fine visual acuity. Relying on the medical-vocational guidelines and the testimony of a vocational expert (VE), the ALJ found that O'Bryan could perform a significant number of jobs in the economy and was not disabled.
 
 
 5
 The Appeals Council granted O'Bryan's request for review, solely to determine whether good cause existed for reopening the March 10, 1987, final determination on her prior application for disability insurance benefits. The Appeals Council issued its own decision in which it found that good cause did not exist to reopen her prior application, and it dismissed O'Bryan's hearing request as it pertained to the period prior to March 10, 1987. The Council affirmed and adopted the ALJ's September 6, 1990, decision and findings for the period subsequent to March 10, 1987.
 
 
 6
 O'Bryan then sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. After de novo review in light of O'Bryan's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 7
 On appeal, O'Bryan's brief is construed as arguing that the Secretary's decision is not supported by substantial evidence because: (1) the ALJ erred in assessing O'Bryan's RFC; (2) the ALJ did not properly consider O'Bryan's treating doctor's opinion; (3) the ALJ erred in evaluating O'Bryan's complaints of pain and other symptoms; and (4) the ALJ made an improper credibility assessment. O'Bryan did not raise several arguments which she raised in the district court pertaining to the Secretary's decision not to reopen the final decision of the Secretary on her prior disability insurance benefits application, the hypothetical question posed to the VE, and the ALJ's failure to adequately develop the record with regard to O'Bryan's alleged mental impairment and stress-induced chest pain.
 
 
 8
 Initially, it is noted that O'Bryan failed to raise several issues that she raised in the district court. Issues which were raised in the district court and which are not raised on appeal are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). O'Bryan's allegation of disabling pain and other symptoms does not satisfy the two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Furthermore, the Secretary also properly considered several doctors' opinions regarding O'Bryan's ability to work. A physician's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986), and an ALJ can give less weight to the opinion if it is not based on detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991).
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation