37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Diana F. BRESSLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3131.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: MARTIN, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Diana F. Bressler, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bressler filed her current application for disability insurance benefits on April 11, 1990, alleging a disability since May 12, 1986, due to back surgeries and no feeling on the right side of her body. An administrative law judge (ALJ) determined that Bressler had the residual functional capacity (RFC) to perform work where she would not have to lift more than 20 pounds maximum and ten pounds frequently, where she would not have to operate hand controls with her right hand, reach above shoulder level with her right arm, or frequently turn her head. The ALJ further limited her to doing work where she would be able to alternate between sitting, standing and walking, and where she would not have to do more than limited grasping or fine manipulation with the right hand. Relying on the testimony of a vocational expert and the medical-vocational guidelines, the ALJ found that Bressler had the RFC to perform a significant number of jobs in the national economy and was not disabled. The Appeals Council denied Bressler's request for review.
 
 
 3
 Bressler then sought judicial review of the Secretary's decision. The district court found that there was substantial evidence to support the Secretary's decision and granted summary judgment in favor of the Secretary.
 
 
 4
 On appeal, Bressler argues that the Secretary's decision is not supported by substantial evidence because she did not give proper weight to Bressler's treating physician's opinion and Bressler's complaints of pain.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary properly considered Bressler's treating physician's opinion. A treating doctor's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986), especially where the doctor's opinion is contradicted and is not supported by the objective medical evidence. See Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 & n. 7 (6th Cir.1991). Although a treating doctor's opinion is afforded more weight than the opinion of a physician employed by the government, the ultimate determination of disability rests with the Secretary, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). Bressler's allegations of disabling pain and other symptoms do not satisfy the two-part test set forth in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 6
 Accordingly, we affirm the district court's judgment.