45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Juanita DEAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3530.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: BROWN, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Juanita Dean, a social security claimant represented by counsel, appeals a district court judgment which affirmed the Secretary's denial of her application for social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dean filed an application for disability insurance benefits on October 30, 1990, alleging a disability since November 1, 1989, due to polycythemia rubra vera, a disease of the bone marrow which results in the production of too many red blood cells. After her claim was denied initially and upon reconsideration, an Administrative Law Judge (ALJ) held an initial and two supplemental hearings before finding that Dean was not disabled because she had the residual functional capacity to perform her past relevant work as a real estate agent. The Appeals Council denied Dean's request for review.
 
 
 3
 Dean then filed a complaint seeking judicial review of the Secretary's decision. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c). The magistrate judge found that there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 4
 On appeal, Dean essentially argues that the Secretary's decision is not supported by substantial evidence because the Secretary did not give proper weight to Dean's treating physician's opinion and her subjective complaints.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). A treating physician's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986), and the opinion must be supported by detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). Although a treating doctor's opinion is afforded more weight than the opinion of a physician employed by the government, the ultimate determination of disability rests with the Secretary, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Secretary was not bound by Dean's treating doctor's opinion that Dean is disabled because there is substantial evidence to the contrary. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (per curiam).
 
 
 6
 Furthermore, Dean does not meet the two-part test set forth in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Four doctors were of the opinion that Dean had the residual functional capacity for light work, and the ALJ could properly consider Dean's daily activities to make a finding of nondisability.
 
 
 7
 Accordingly, we affirm the district court's judgment.