**Archiles CRAFT, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–6112.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Archiles Craft, proceeding through counsel, appeals a district court judgment that affirmed the Commissioner's denial of

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

his claim for a closed period of social security disability benefits. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

In December 1997, Craft filed the instant application for benefits, claiming that he was disabled by arthritis, pneumoconiosis, and depression. At the time of a June 1999 hearing before the Administrative Law Judge ("ALJ"), Craft was forty-seven years old, had an eighth-grade education, and had prior work experience as a coal miner. Craft testified that his chief medical problem during the relevant period was shortness of breath, that he received relief from using inhalers, and that he smoked two packs of cigarettes a day regardless of his breathing problems. He stated that, although he was unable to help his wife around the house, he took his son deer hunting once a year and owned a fiberglass fishing boat that he took out on Kentucky lakes a couple of times a year. He testified that he drove the twenty miles to the hearing in his four-wheel-drive truck.

The ALJ concluded that, during the relevant period, Craft suffered from mildly severe low back pain syndrome, dyspnea (shortness of breath) secondary to Stage 1–2 coal worker's pneumoconiosis, and anxiety/depression. The ALJ determined that this combination of impairments was not severe enough to qualify under the Listing of Impairments at Appendix 1, Subpart P, Regulations No.4. The ALJ did not credit Craft's subjective complaints, finding them "disproportionate to the medical evidence and not fully credible, considering both the medical and 'other' evidence ..." The ALJ found that Craft could perform a limited range of medium work. The Appeals Council denied Craft's request for review.

In his timely appeal from the district court's decision, Craft contends that the Commissioner's decision is not supported by substantial evidence because: (1) the Commissioner did not give adequate reasons for rejecting Dr. Sundaram's opinion that Craft was disabled, and (2) the Commissioner improperly substituted his opinion for that of the examining doctors.

■ Substantial evidence supports the Commissioner's decision that Craft, during the relevant period, retained the residual functional capacity to do medium work. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989) (stating the standard of review). This conclusion is supported by the medical evidence and Craft's testimony regarding his daily activities.

Although Craft testified he was unable to perform housework during the insured period, *see Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir.1993) (holding that an ALJ may consider a claimant's household activities in evaluating complaints of disabling pain), Craft was admittedly able to drive his truck, go fishing, and take his son deer hunting. These glaring inconsistencies in the record evidence concerning Craft's abilities and his daily activities were properly resolved by the ALJ and will not be disturbed upon review. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987) (credibility determinations regarding a claimant's subjective complaints rest with the ALJ).

Craft's claim that the Commissioner erred by rejecting Dr. Sundaram's opinion is without merit. Although the Commissioner generally gives more weight to the opinions of treating physicians, a treating physician's opinion regarding disability is not conclusive. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir.1986). The opinion of a treating

physician is entitled to greater weight only if it is based on objective medical findings. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987).

 There is a dearth of evidence to support Dr. Sundaram's conclusion that Craft was unable to work. A doctor's findings regarding ultimate disability cannot be conclusive; the finding of disability is made by the Commissioner, not a physician. *See* 20 C.F.R. § 404.1527(e). Dr. Sundaram's conclusion conflicts with Craft's description of his daily activities and other medical evidence submitted by other examining physicians. Because the opinions of the other doctors were more consistent with the objective medical evidence and Craft's testimony regarding his daily activities, the Commissioner's failure to agree with Dr. Sundaram's conclusion was not error.

Craft's claim that the Commissioner replaced the doctors' opinions with his own also lacks merit. It is the Commissioner's function to resolve conflicts in the medical evidence, *see King v. Heckler*, 742 F.2d 968, 974 (6th Cir.1984), and the record reveals that the ALJ considered *all* of the submitted medical evidence in reaching his conclusion that Craft was not disabled. *See* § 404.1527(b) (Commissioner considers all medical evidence). There is no evidence to support a finding that the ALJ fabricated, rather than analyzed, the medical evidence.

Accordingly, we affirm the district court's judgment.