45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Susan L. FIELDS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3009.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 Before: BROWN, RYAN, and BOGGS, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Susan L. Fields, appeals from the district court's entry of summary judgment in favor of the defendant, the Secretary of Health and Human Services, affirming the Secretary's decision to deny Social Security Disability Insurance benefits. On appeal, Fields claims that the Secretary's finding that she can perform her past relevant work is unsupported by substantial evidence. In addition, Fields argues that the district court erred in allowing the Secretary to file objections to a magistrate judge's report after the ten-day filing period expired. We affirm the district court's summary judgment in favor of the Secretary.
 
 I.
 
 2
 Fields is a forty-two year old woman who completed high school and did some college work. She worked full-time from 1978 to 1988 as a handpacker, material handler, and quality control inspector. In 1980, she underwent a laminectomy and discectomy to correct a bulging intervertebral disc in her back. In 1984, Fields underwent a spinal fusion to correct lower back instability in the area of the prior back surgery. In 1989, Fields applied for disability benefits, seeking benefits beginning April 13, 1988. Fields alleged that on April 13, 1988, she reinjured her back and could no longer work due to pain. Her application was denied; pursuant to her request, an administrative law judge (ALJ) held a hearing.
 
 
 3
 In November 1990, the ALJ found that Fields suffered from severe fibromyalgia and psychological conditions affecting her physical condition. However, the ALJ discounted her subjective complaints of pain as not credible. The ALJ found that Fields's residual functional capacity was medium work, but with the limitation that she perform low stress work involving simple, repetitive tasks. The ALJ concluded that Fields could not perform her past relevant work as a laborer and quality control inspector because of the stress limitation. However, Fields's residual functional capacity enabled her to perform other work available in significant numbers in the national economy. Thus, the ALJ concluded that Fields was not disabled. But in August 1991, the Appeals Council vacated the decision, holding that Fields had presented some evidence of mental impairments. The Appeals Council ordered the ALJ to "[o]btain any available updated reports from all treating sources and obtain a mental status consultative examination with psychological testing, and a medical assessment in order to resolve the above [mental impairment issues]." In May 1992, after a second hearing, the ALJ found that Fields's subjective complaints of disabling pain were not credible and were unsupported by substantial, objective medical and clinical findings. In addition, contrary to his earlier conclusion, the ALJ found that the plaintiff had the residual functional capacity to perform a full range of medium exertional work. The ALJ concluded that Fields could indeed perform her relevant past work. The Appeals Council denied review.
 
 
 4
 The plaintiff filed this action in the district court, seeking to overturn the Secretary's decision. The parties filed cross-motions for summary judgment, which were referred to a magistrate. On July 26, 1993, the magistrate recommended summary judgment for Fields because the Secretary's decision was not supported by substantial evidence. On that same day, the magistrate sent notice to the parties that any objections to the magistrate's report and recommendation must be filed within ten days. However, it was not until August 20, 1993, that the Secretary moved to extend the filing time. The Secretary explained:
 
 
 5
 Due to a delay in receiving a copy of the Magistrate's Report and Recommendation (through inadvertence and vacations ), the agency responsible for the defense of suits of this nature, needs additional time in which to prepare ... its Objection to [the] Magistrate's Report and Recommendation.
 
 
 6
 (Emphasis added.) Fields objected. The Secretary's motion asked for an extension until August 30. However, the district court did not rule on the motion until August 31. On that date, the district court typed "IT IS SO ORDERED" on Fields's motion papers. Thus, the district court had given the Secretary--on August 31--until August 30 to file objections.
 
 
 7
 The Secretary tendered objections with the court clerk on September 13, 1993. On September 27, 1993, the plaintiff moved to strike the Secretary's objections as untimely. Finally, on October 18, 1993, the district court entered an order deeming the objections timely:
 
 
 8
 Upon a review of the docket sheet for this case, it appears that defendant's objections were filed prior to the Court's ruling on a second motion for extension of time. The objections were filed, and the second motion for extension of time was subsequently denied as moot. In any event, the Court hereby deems the objections timely filed....
 
 
 9
 Therefore, for the foregoing reasons, good cause appearing, it is
 
 
 10
 ORDERED that defendant be, and hereby is, granted leave to file its objections nunc pro tunc....
 
 
 11
 (Emphases added.) On November 30, 1993, the district court granted summary judgment for the Secretary, holding that substantial evidence supported denial of benefits. The district court noted that it had deemed the Secretary's objections timely filed in its October 18 order. The plaintiff filed this timely appeal.
 
 II.
 
 12
 Section 405(g) provides that the Secretary's findings of fact are conclusive if supported by "substantial evidence." 42 U.S.C. Sec. 405(g) (1988). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). The substantial evidence determination is based on the record as a whole. Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 213 (6th Cir.1986). This court may not evaluate the case de novo, resolve conflicts among the evidence, or determine issues of credibility. Hale v. Secretary of Health & Human Servs., 816 F.2d 1078, 1082 (6th Cir.1987).
 
 
 13
 We have carefully reviewed the record developed before the ALJ and we are satisfied that the Secretary's conclusion that the plaintiff can perform her past relevant work, and therefore is not disabled, is supported by substantial evidence.
 
 III.
 
 14
 Fields also complains that the district court should not have accepted the Secretary's tardy objections. A district court's grant of an extension of time is made "in its discretion." Fed.R.Civ.P. 6(b). The district court ultimately allowed the Secretary to file objections to the October 18 order. However, that order failed to explain why the district court deemed the objections timely. The court mentioned that "good cause appear[ed]" without expressing what constituted the good cause.
 
 
 15
 The Federal Magistrates Act authorizes district judges to refer specified motions to magistrates, see 28 U.S.C. Sec. 636(b)(1)(A), who may "submit ... proposed findings of fact and recommendations for the disposition" of the motions, Sec. 636(b)(1)(B). The magistrate must file the proposed findings and recommendations with the court, and mail a copy to the parties. Sec. 636(b)(1)(C). The Act then provides:
 
 
 16
 Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.
 
 
 17
 Section 636(b)(1)(C) (emphasis added); see also Fed.R.Civ.P. 72(b).
 
 
 18
 In Patterson v. Mintzes, 717 F.2d 284 (6th Cir.1983), we noted that the ten-day period may be extended by the district court. Id. at 286-87. We reasoned that Sec. 636(b)(1) refers to the filing of objections "as provided by rules of court"; at the least, "rules of court" incorporates the Federal Rules of Civil Procedure. Id. at 287. Specifically, Rule 6(b) provides for enlargement of time periods that are set "by these rules or by a notice given thereunder or by order of court." Id. (quoting Rule 6(b)). A magistrate's order to file objections within ten days is an "order of court" subject to extension via Rule 6(b). Id. Rule 6(b)(2) contains an "excusable neglect" requirement:
 
 
 19
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....
 
 
 20
 (Emphases added.) Consequently, a party who is on notice of the ten-day[1] period to file objections, and allows the period to expire without moving for an extension of time, must thereafter show excusable neglect in order to enlarge the filing time. We emphasize that the excusable neglect requirement is a hurdle to filing objections, not to district court review of a magistrate's report and recommendation. Thomas v. Arn, 474 U.S. 140, 154 (1985). Thus, even if a party cannot show excusable neglect for a failure to file timely, the district court may still review the magistrate's decision.
 
 
 21
 Here, although the Secretary mentioned "inadvertence and vacations" in her first motion for extension, the district court apparently failed to exercise discretion by not deciding whether those reasons amounted to "excusable neglect." However, we decline to remand the case simply to determine whether excusable neglect exists or to strike the Secretary's objections. The district court here conducted a de novo review of the magistrate's report, District Court op. at 4, and it would serve no purpose to remand the case.
 
 IV.
 
 22
 Accordingly, we AFFIRM the district court's summary judgment for the Secretary.
 
 
 
 [1]
 The "ten" day period is actually thirteen calendar days because Rule 6(e) adds three days to cover the time for mailing the magistrate's report. Kent v. Johnson, 821 F.2d 1220, 1222 (6th Cir.1987)