62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deborah L. ESTES, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6654.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Deborah L. Estes, a social security disability claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Estes filed her application for supplemental security income benefits on January 14, 1987, alleging a disability due to degenerative disc disease, a mental impairment, borderline intelligence, a hearing loss and hypertension. After her claim was denied following two separate remand orders by the Appeals Council, an ALJ denied her benefits in a decision dated April 13, 1992. The ALJ determined that, considering Estes's residual functional capacity (RFC), she had the ability to perform her past relevant work as a salad maker/salad bar attendant, cook and day care worker, as those jobs are generally performed in the economy. After this decision, the Appeals Council denied Estes's request for review.
 
 
 3
 Estes then filed a complaint seeking judicial review of the Secretary's decision. A magistrate judge recommended granting the Secretary's motion for summary judgment. Upon de novo review in light of Estes's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 4
 On appeal, Estes continues to argue the merits of those claims she raised in the district court. Estes argues that the Secretary's decision is not supported by substantial evidence because the ALJ: 1) did not properly consider her treating doctor's opinion; 2) erred in determining Estes's RFC and that she could perform her past relevant work; and 3) ignored Estes's testimony regarding her limitations and symptoms. For the first time on appeal and in her reply brief, Estes argues that the ALJ posed an insufficient hypothetical question to the vocational expert. We will not consider this last claim on appeal because Estes did not properly present this claim to the district court for its review. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 5
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision denying Estes's supplemental security income benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 6
 The ALJ properly considered Estes's treating physician's opinion. A treating physician's opinion regarding disability is not dispositive, Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986), and an ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir. 1991). Furthermore, the medical evidence supports the ALJ's RFC assessment and Estes's daily activities suggest that she can do light work with the additional limitations set forth by the ALJ. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). The vocational evidence supports a conclusion that Estes has an RFC compatible with her performing her past relevant work as a salad maker/salad bar attendant, cook and day care worker, as those jobs are generally performed in the economy. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Furthermore, the ALJ took into account Estes's testimony, but credibility assessments regarding a claimant's subjective complaints properly rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment.