Wanda SMITH–MARKER, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Case No. 3:11–cv–001.

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

Jan. 30, 2012.

Stephanie D. Dobson, Steven Barry Horenstein, Dayton, OH, for Plaintiff.

Adam R. Sorkin, Social Security Administration, Office Of General Counsel, Chicago, IL, John J. Stark, U.S. Attorney Office, Columbus, OH, for Defendant.

**ENTRY AND ORDER OVERRULING SMITH–MARKER'S OBJECTIONS (Doc. # 14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. # 13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT SMITH–MARKER WAS NOT DISABLED; AND TERMINATING THIS CASE**

THOMAS M. ROSE, District Judge.

Plaintiff Wanda Smith–Marker ("Smith–Marker") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she was not disabled and, therefore, not entitled to Social Security disability benefits. On December 22, 2011, United States Magistrate Judge Michael J. Newman ("Magistrate Judge Newman") entered a Report and Recommendations (doc. # 13) recommending that the Commissioner's Decision be affirmed. Smith–Marker subsequently filed Objections (doc. # 14) the Commissioner has responded to Smith–Marker's Objections (doc. # 16). This matter is, therefore, ripe for decision.

Smith–Marker filed an application for disability insurance benefits on June 13, 2006, alleging disability due to diabetes, depression, back pain, cholesterol, irritable bowel syndrome and kidney disease. The alleged onset date was June 6, 2006.

The Commissioner denied Smith–Marker's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia Lombardo held a hearing following which she determined that Smith–Marker is not disabled. The Appeals Council denied Smith–Marker's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Smith–Marker then appealed to this Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate Judge Newman issued a Report and Recommendations recommending that the Commissioner's decision that Smith–Marker was not disabled be affirmed. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. # 13) and in Smith–Marker's Objections (doc. # 14) and the Commissioner's Response (doc. # 16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Smith–Marker was not disabled.

■ This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security,* 478 F.3d 742, 745–46 (6th Cir.2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

■ Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)(citing *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir.1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen,* 853 F.2d 483, 486 (6th Cir.1988); *NLRB v. Columbian Enameling and Stamping Company,* 306

U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939).

The second judicial inquiry-reviewing the ALJ's legal criteria-may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen,* 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen,* 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 546-47 (6th Cir.2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Smith-Marker's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's decision that Smith-Marker was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

## REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THE CASE BE CLOSED

MICHAEL J. NEWMAN, United States Magistrate Judge.

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue

is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff Wanda Smith-Marker ("Plaintiff") was "not disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). *See* doc. 7-2 at PAGEID 76.

The case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 10), the administrative record (doc. 7), and the record as a whole.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed her DIB application on June 13, 2006 asserting she has been under a "disability" since June 10, 2006. Doc. 7-5 at PAGEID 156. Plaintiff claims she is disabled due to "diabetes, depression, back pain, cholesterol, irritable bowel syndrome, [and] kidney disease." Doc. 7-6 at PAGEID 198.

Following initial administrative denials of Plaintiff's application, Plaintiff received a hearing before ALJ Amelia Lombardo. Doc. 7-2 at PAGEID 77-119. At the hearing, the ALJ heard testimony from Plaintiff and vocational expert Brian Womer. *Id.* On September 9, 2009, the ALJ issued a written decision, concluding that Plaintiff was not under a disability at any time from June 10, 2006, the alleged onset date, through of the date of her decision, and therefore, was ineligible to receive DIB. *Id.* at PAGEID 76.

Specifically, the ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirements of the Social

---

1. Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

Security Act through December 31, 2011 (Exhibit 2D).

2. The claimant has not engaged in substantial gainful activity since June 10, 2006, the alleged disability onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairment: diabetes mellitus; carpel tunnel syndrome; pancreatitis; stage I kidney disease; hemangioma of the liver; and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: unskilled work; no balancing; no hazardous machinery or heights and frequent fine and gross manipulation.[2]

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 5, 1966. From the alleged disability onset date through the present claimant has been between 40 and 43 years old, which is defined as a younger individual (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 10, 2006 through the date of this decision (20 CFR 404.1520(g)).

*Id.* at PAGEID 64–76.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. *Id.* at PAGEID 51–53. Plaintiff filed this

---

**2.** The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time" and "a certain amount of walking and standing is often necessary." *Id.* § 404.1567(a). Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds." *Id.* § 404.1567(c). Heavy work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* § 404.1567(d). Very heavy work "involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying objects weighing up to 50 pounds." *Id.* § 404.1567(e).

appeal, arguing that the ALJ erred by: (1) rejecting the opinion of Plaintiff's treating mental health therapist; and (2) failing to consider the combination of Plaintiff's mental and physical impairments on her ability to perform work. *See* doc. 8 at PAGEID 608–14.

## B. Plaintiff's Vocational Profile and Testimony

Plaintiff was 40 years old on her alleged disability onset date and thus considered a "younger individual." *See* 20 C.F.R. § 404.1563. Plaintiff has a high school education and has also received training in website development. Doc. 7–6 at PAGEID 204. She has past relevant work as an administrative assistance and an assembly line group leader. *Id.* at PAGEID 199.

Plaintiff suffers from many physical conditions including Type II diabetes, pancreatitis, kidney disease, irritable bowel syndrome, hypertension, high cholesterol, hemangioma of the liver, and carpal tunnel syndrome. *See, e.g.*, doc. 7–7 at PAGEID 287, 291, 310, 313, 338, 465. However, Plaintiff has not presented any medical opinions finding her unable to work due to these impairments. To the contrary, Kamala Saxena, M.D. reviewed Plaintiff's medical records at the request of the Ohio Board of Disability Determination ("BDD") and concluded that Plaintiff can frequently lift ten pounds and occasionally twenty pounds; sit or stand for a total of six hours in an eight-hour day; but cannot perform work requiring balancing. *Id.* at PAGEID 302–09. After reviewing Plaintiff's medical records, non-examining reviewer Anton Freihofner, M.D. affirmed Dr. Saxena's opinion that Plaintiff was not disabled. *Id.* at PAGEID 317.

In addition, Plaintiff suffers from depression. Plaintiff's primary care physician, Shahida Aziz Khan, M.D., has prescribed Plaintiff anti-depressant medications for many years, well before Plaintiff's alleged onset date of June 10, 2006.[3] *See* doc. 7–8 at PAGEID 467–505. However, there are no records showing that Plaintiff attended psychological counseling or therapy until 2009.

In May 2009, Plaintiff's treating therapist, Vinnie Butler, M.S.W., L.S.W., diagnosed Plaintiff with depression, and opined that she was unable to work. Doc. 7–7 at PAGEID 411–14. On the other hand, Daniel Hrinko, Psy. D., who evaluated Plaintiff in September 2006 at the BDD's request, diagnosed Plaintiff with dysthymic disorder, and opined that Plaintiff had no impairments in her ability to understand and follow instructions, or maintain attention to perform simple and repetitive tasks. *Id.* at PAGEID 270–72. Dr. Hrinko concluded that Plaintiff was just mildly impaired in her "ability to withstand the stresses and pressures of employment." *Id.* Non-examining psychologists Michael Wagner and Bruce Goldsmith subsequently affirmed Dr. Hrinko's opinion. *Id.* at PAGEID 273–85, 316.

At the administrative hearing, Plaintiff testified about the symptoms she experiences due to her various impairments. She reported she is nauseous all the time and has diarrhea two-to-four times a day. Doc. 7–2 at PAGEID 87. Plaintiff also testified that she periodically has painful episodes of pancreatitis, and has consequently been hospitalized four times in four years. *Id.* at PAGEID 89. She testified that her back pain makes it difficult to lift objects, go to the grocery store, and stand for more than twenty minutes. *Id.* at PAGEID 93–95. Further, due to her

---

**3.** It is unclear from the record exactly when Plaintiff began taking Prozac. Dr. Khan's treatment notes show that she prescribed Plaintiff Prozac in 1998. Doc. 7–8 at PAGEID 505.

carpal tunnel syndrome, Plaintiff estimated she can write no longer than half an hour to forty-five minutes. *Id.* at PAGEID 94, 103. Moreover, Plaintiff testified that she has been depressed since she lost her job in 2006. *Id.* at PAGEID 88, 97. As for daily activities, Plaintiff reported she usually sleeps and watches television all day. *Id.* at PAGEID 96–97.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir.2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978).

■ Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the plaintiff disabled. *Id.*

■ The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(a), (d). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.* § 423(d). A DIB claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir.1997).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir.2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity ("RFC"), can he or she perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and RFC, can he or she perform other

work available in the national economy?

20 C.F.R. § 404.1520(a)(4).

## III.  ANALYSIS

As a preliminary note, the pertinent medical findings and opinions have been adequately summarized in the parties' briefs, see doc. 8 at PAGEID 600–07; doc. 10 at PAGEID 620–26, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

Plaintiff argues that the ALJ erred in two respects.  First, she contends the ALJ did not give proper weight to her treating mental health therapist.  See doc. 8 at PAGEID 608–12.  Second, she asserts the ALJ failed to consider how the combination of her mental and physical impairments affect her ability to work.  See id. at PAGEID 612–14.

### A.  Substantial Evidence Supports the ALJ's Decision to Not Defer to the Opinion of Social Worker Vinnie Butler

Plaintiff first contends the ALJ erroneously discredited her treating mental health therapist, Vinnie Butler, who opined that Plaintiff was unable to work.  Doc. 7–7 at PAGEID 414.  While recognizing that Ms. Butler, as a social worker, is not "an acceptable medical source" under Social Security law, Plaintiff maintains Ms. Butler's opinion nonetheless should have been afforded significant weight because she was her treating counselor.  Doc. 8 at PAGEID 608–12.  Further, Plaintiff asserts that Ms. Butler's opinion is consistent with the record as a whole.  Id.

### 1.  Vinnie Butler's Opinion

Based on four counseling sessions with Plaintiff,[4] Ms. Butler opined that Plaintiff

was unable to work due to major depression.  Doc. 7–7 at PAGEID 410–14.  Specifically, Ms. Butler reported that Plaintiff exhibits the following signs and symptoms: poor memory; personality change; difficulty thinking or concentrating; sleep and mood disturbances; loss of interests; feelings of guilt and worthlessness; social withdrawal; decreased energy; and suicidal ideation.  Id. at PAGEID 411.  Further, Ms. Butler determined that Plaintiff has the following functional limitations as a result of her depression: marked restrictions in daily activities; marked difficulties in social functioning; marked deficiencies of concentration, persistence and ability to timely complete tasks; and marked episodes of deterioration or decompensation in work.  Id. at PAGEID 413.  Similarly, Ms. Butler reported marked limitations in Plaintiff's ability to: carry out detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; work in coordination with others without being distracted by them; and maintain a normal work schedule.  Id. at PAGEID 414.

### 2.  The ALJ's Decision

The ALJ determined that Plaintiff's depression is a "severe" impairment.  Doc. 7–2 at PAGEID 70.  Nonetheless, she did not accept Ms. Butler's opinion that Plaintiff was unable to work due to that impairment.  Id. at PAGEID 73.  Instead, the ALJ concluded that Plaintiff had the RFC to perform light work subject to the following limitations: unskilled work; no balancing; no hazardous machinery or heights; and frequent fine and gross manipulation.  Id. at PAGEID 71.

■ The ALJ discounted Ms. Butler's opinion on several grounds.  First, the

---

4.  On the face of Ms. Butler's evaluation, it is unclear how many counseling sessions occurred.  See PAGEID 410–14.  In Plaintiff's reply brief, she stated there were four sessions.  Doc. 12 at PAGEID 641.

ALJ correctly noted that Ms. Butler is not an acceptable medical source under Social Security regulations, *see* 20 C.F.R. § 404.1513(a), and therefore her opinion is unentitled to controlling weight. *See* SSR 96–2p, 1996 WL 374188. Nonetheless, under Social Security Ruling 06–3p, the ALJ should evaluate the nonmedical source's opinion based on relevant factors, including "how long the source has known the individual; how consistent the opinion is with other evidence; and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir.2007).

■ Here, the ALJ failed to explicitly apply these factors in rejecting Ms. Butler's opinion, but it would not have changed the outcome even if she had. Plaintiff had just four counseling sessions with Ms. Butler. Doc. 12 at PAGEID 641. Moreover, Ms. Butler failed to provide an explanation for her assessment or submit any supporting treatment notes. *See* doc. 7–7 at PAGEID 410–14. Ms. Butler's opinion is also inconsistent with other evidence in the record. Although there are numerous medical records documenting Plaintiff's complaints of depression, *see, e.g.,* doc. 7–7 at PAGEID 271–72, 430, 434, 438, 441; doc. 7–8 at PAGEID 472–77, 483–86, there are no other opinions that Plaintiff's depression is such that she is unable to work. Accordingly, the ALJ's failure to apply the relevant factors was harmless error. *Accord Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (finding the ALJ's error harmless where the "treating source's opinion [was] so patently deficient that the Commissioner could not possibly credit it").

■ Additionally, the ALJ declined to give weight to Ms. Butler due to the lack of supporting mental health records. Doc. 7–2 at PAGEID 73. Plaintiff does not refute that Ms. Butler did not present any supporting treatment records. Doc. 12 at PAGEID 641. Rather, she asserts that she was unable to obtain them from the family service agency where Ms. Butler is employed. *Id.* Plaintiff contends she should not be penalized for the lack of supporting treatment records because the ALJ had the authority to subpoena them. *Id.* Contrary to Plaintiff's argument, however, Social Security regulations place the burden on the claimant to produce evidence to show the existence of a disability. 20 C.F.R. § 404.1512(a); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir.1986). Thus, given the lack of supporting treatment records, the ALJ properly discounted Ms. Butler's disability finding. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir.2009) ("Conclusory statements from physicians are properly discounted by ALJs.").

■ On the other hand, the Court disagrees with the ALJ's third reason—that Ms. Butler's opinion was inconsistent with Plaintiff's reported activities; specifically, that she got married in 2008. Doc. 7–2 at PAGEID 73. The Court finds little or no relevance between Plaintiff's marital status and the range of her activities, and the record fails to substantiate such a casual connection. At the administrative hearing, Plaintiff testified that she is tired all of the time, and reported that her day consists of sleeping and watching television. *Id.* at PAGEID 96–98. Further, during her consultative evaluation with Dr. Hrinko, Plaintiff reported she spends most of her time at home and her only friend is her mother. Doc. 7–7 at PAGEID 271. The fact that Plaintiff got married does not necessarily undermine her depression, especially considering that she was already divorced at the time of the administrative hearing. *See* doc. 7–2 at PAGEID 81–82. Thus, contrary to the ALJ's decision, the Court finds Ms. Butler's opinion to be consistent with Plaintiff's reported daily activities.

Nonetheless, the Court concludes that the ALJ properly decided to not defer to the opinion of Ms. Butler. The ALJ provided two good reasons, both supported by substantial evidence, to reject Ms. Butler's opinion. Accordingly, the ALJ acted within the "zone of choice" and should therefore be affirmed. *Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir.2001).

## B. The ALJ Properly Considered the Combined Effect of Plaintiff's Mental and Physical Impairments

In her second assignment of error, Plaintiff makes two arguments. First, she asserts that in making Plaintiff's RFC finding, the ALJ did not fully account for the combination of her physical and mental impairments. Doc. 8 at PAGEID 612–14. Second, Plaintiff argues that her mental impairments affected her ability to comply with the prescribed treatment for her physical impairments, *i.e.,* she could not remember to take her diabetes and cholesterol medications, thereby exacerbating her physical impairments. *Id.*

### 1. The ALJ Properly Considered the Combination of Plaintiff's Impairments

■ In determining whether a claimant is capable of working, the ALJ must consider "the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1071 (6th Cir.1992). However, the ALJ does not necessarily need to provide a detailed "combined effects" analysis. *See Loy v. Sec'y of Health & Human Servs.,* 901 F.2d 1306, 1310 (6th Cir.1990). "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination." *Id.* Instead, it is sufficient for the ALJ to refer to the

claimant's "impairments" (plural) and "combination of impairments." *Id.*

■ Here, the ALJ's decision shows that she properly considered the combined effects of Plaintiff's physical and mental impairments. The ALJ determined that, "[t]he claimant does not have an impairment or combination of impairments that meets or medially equals one of the listed impairments...." Doc. 7–2 at PAGEID 71. Similarly, the ALJ states, "Claimant is capable of performing only a reduced range of light work due to the effects of her physical and mental impairments." *Id.* at PAGEID 75. Moreover, in determining Plaintiff's RFC, the ALJ considered both Plaintiff's physical and mental impairments. Due to Plaintiff's physical impairments, the ALJ restricted Plaintiff to jobs with no balancing and no hazardous machinery or heights, and frequent fine and gross manipulation. *Id.* at PAGEID 72. In light of Plaintiff's depression, the ALJ limited Plaintiff's RFC to unskilled work. *Id.* at PAGEID 73. Accordingly, the ALJ's decision demonstrates that Plaintiff's mental and physical impairments were considered collectively. *See Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987). This reasoned analysis is supported by substantial evidence.

### 2. Plaintiff Has Not Established That Her Mental Impairment Affects Her Ability to Take Medication

In addition, Plaintiff maintains the ALJ erred in failing to consider how her mental impairment, *i.e.,* her forgetfulness to take her medications, worsens her physical impairments. Doc. 8 at PAGEID 613. The record is replete with notes that Plaintiff does not comply with her prescribed medication, nor regularly checks her blood glucose levels. *See, e.g.,* doc. 7–7 at PAGEID 287, 321–323, 417–18, 426, 430, 433–34, 441,

444, 458. At the administrative hearing, Plaintiff testified that she forgets to take her medications. Doc. 7–2 at PAGEID 93. Plaintiff claims her forgetfulness is a symptom of her depression. *See* doc. 8 at PAGEID 613.

██ It is well established that to obtain benefits, a claimant must follow the recommended prescribed treatment, or have good reasons for failing to do so. 20 C.F.R. § 404.1530. Symptoms of a mental disorder may constitute "good reasons" for not adhering to prescribed treatment. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir.2009).

██ Here, however, there is a lack of substantial evidence in the record to support a finding that Plaintiff's failure to take her medication is related to her depression. There are no clinical findings, psychological evaluations, or objective medical evidence supporting Plaintiff's claim that her depression is so severe that she cannot remember to take her medications. Further, Dr. Hrinko recognized that Plaintiff has some difficulties managing her moods, yet did not report any memory impairments. *See* doc. 7–7 at PAGEID 272. The only evidence indicating Plaintiff has memory loss is Ms. Butler's evaluation, which, as discussed above, is not entitled to substantial weight because she is not an "acceptable medical source" and has not provided any supporting records. *See id.* at PAGEID 411–14.[5]

Therefore, in determining that Plaintiff is not disabled, the ALJ properly considered the combination of Plaintiff's physical and mental impairments.

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's assignments of error to be unavailing. The ALJ's decision is sup-

ported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's final non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED.**

December 16, 2011.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R.Civ.P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947

---

5. Notably, on her disability application, Plaintiff reported that she does not need any reminders to take medicine. Doc. 7–6 at PAGEID 208.

(6th Cir.1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).